765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEO MAHONEY, TRUSTEE, ET AL. PLAINTIFFS-APPELLANTS,
v.
MONEX INTERNATIONAL, LTD., ET AL., DEFENDANTS-APPELLEES.
 NO. 83-3040
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MARTIN, Circuit Judge, EDWARDS, Senior Circuit Judge; and SILER,* District Judge.
 Per Curiam.
 
 
 1
 This case is a product of the crash in the silver market which occurred as a result of the Hunt brothers' attempt in 1979 to corner the silver market. That event drove the price of silver up until suddenly the bottom fell out in January 1980, leading to the events which are catalogued in this trial.
 
 
 2
 The case was assigned to a District Judge in the Northern District of Ohio and the parties consented to trial before a U.S. Magistrate in that District.
 
 
 3
 The issues in this factually complex case, involving a suit by an investor (on margin) in both silver and gold, all ultimately relate to whether or not appellant ever knowingly accepted the terms of the standardized contract which Monex drafted, and if so, whether the contract was unconscionable under California law. The issues in the case include the following: 1) Was Mahoney entitled to notice and an opportunity to pay the deficiency on his account prior to Monex's selling out his silver account? 2) Did the U.S. Magistrate to whom this case was tried by stipulation of the parties err in holding that Monex's failure to identify a $22,500 payment made by Mahoney and deposited by wire to Monex's account but not promptly credited to Mahoney was in effect due to Mahoney's error rather than that of Monex? 3) Does Mahoney have a valid claim against Monex in relation to Monex's selling out his gold account, after failing to sell it when Mahoney claims he ordered Monex to sell when the market was at a higher price? 4) Was it legally possible under California law for Monex unilaterally to amend Mahoney's contract with Monex by a general mailing under which it asserted the right to sell out any accounts which were below 4% of the value of the holding?
 
 
 4
 The first three of these issues are principally questions of fact. After careful review of the record and the Magistrate's findings of fact adverse to appellant on these three issues in this case, we hold that the Magistrate's findings are not clearly erroneous. The fourth issue raises a question of both law and equity. Although appellant advances his contentions against the validity of the Magistrate's decision in various ways, they basically add up to one assertion, i.e., that he had never accepted the final contract under the provisions of which his accounts were sold out without prior notice in January of 1980. This contention, we hold, brings into consideration the California doctrine of unconscionability.
 
 
 5
 California Civil Code Sec. 1670.5 reads as follows:
 
 
 6
 (a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
 
 
 7
 (b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.
 
 
 8
 See generally, Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 171 Cal. Rptr. 604 (1981); IMO Development Corp. v. Dow Corning Corp., 135 Cal. App. 3d 451, 185 Cal. Rptr. 341 (1982).
 
 
 9
 The record discloses that in August of 1979 Monex sent to appellant an amended version of their contract which gave Monex the right to liquidate without notice any account having less than 4% equity. According to his own testimony, on March 3, 1980, appellant signed and returned to Monex the amended contract. Upon appellant's signature, the amended contract became effective retroactive to August 10, 1979, according to the express terms of the contract. Consequently, the amended contract must be read as applicable at the time of the disputed Monex actions.
 
 
 10
 We recognize that plaintiff's signature was affixed after the disputed events. There is, however, a provision of California law which is applicable in this diversity case and provides as follows:
 
 
 11
 Sec. 1588. Ratification of voidable contract
 
 
 12
 RATIFICATION OF CONTRACT, VOID FOR WANT OF CONSENT. A contract which is voidable solely for want of due consent, may be ratified by a subsequent consent.
 
 
 13
 Cal. Civil Code Sec. 1588 (West 1982).
 
 
 14
 Assuming, without deciding, that there might otherwise have been serious doubt about effective notice and consent, appellant's subsequent signature on the contract must read as appellant's ratification with knowledge.
 
 
 15
 Of significance also on the unconscionability issue is the fact that while the Monex amendments of August 10, 1979 were obviously designed primarily to serve Monex's interests, this record also discloses reason to believe that Mahoney knew the risks he was taking. He was a somewhat experienced investor who knowingly chose to gamble on margin in a highly volatile market. We do not find, on this total record, such oppressive facts as to warrant equitable intervention.
 
 
 16
 The judgment appealed from is therefore affirmed.
 
 
 
 *
 Honorable Eugene E. Siler, U.S. District Judge for the/Western Districts of Kentucky, sitting by designation